IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAMOND TROTTER                                                                                      PLAINTIFF

vs.                                         Civil No. 4:17-cv-04032

NANCY A. BERRYHILL                                                                               DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lamond Trotter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

The Court previously entered an opinion in Plaintiff's case.[2] *See Johnson v. SSA,* 4:08-cv-04032 (W.D. Ark. June 10, 2009). In that opinion, the Court reversed and remanded Plaintiff's case

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] The entire background of Plaintiff's case is included in that opinion and will not be restated here.

1

for further consideration of the *Polaski* factors. *Id.* Since the time of that remand, the ALJ held an additional administrative hearing on September 27, 2016. (Tr. 543-570). Thereafter, the ALJ entered an additional unfavorable decision. (Tr. 345-355). This is the decision currently on appeal before the Court.

In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2006. (Tr. 348, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 21, 2003, his alleged onset date. (Tr. 348, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, cervical and lumbar strains, irritable bowel syndrome, carpal tunnel syndrome, depression, and anxiety. (Tr. 348, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 349-350, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 350-354, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level machinery; can use either upper extremity frequently but not continuously for reaching, handling, fingering and feeling; can understand, remember and carry out short, simple instructions; can perform simple, routine tasks; can make simple work-related decisions; can tolerate few if any workplace changes; and would be able to tolerate occasional interaction with coworkers, supervisors, and the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined he was unable to perform his PRW. (Tr. 354, Finding 6). The ALJ did, however, determine Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 354-355, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.*

Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform work such as (1) addressing clerk with 81,300 such jobs in the national economy; (2) surveillance system monitor with 113,020 such jobs in the national economy; and (3) pneumatic tube operator with 71,760 such jobs in the national economy. (Tr. 355). Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff was not under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 355, Finding 11).

On May 12, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 16, 2017. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 12, 14. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience);

(4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 1-21. Specifically, Plaintiff claims the following: (A) the ALJ's decision is not supported by substantial evidence because the ALJ did not properly assess his fibromyalgia, migraines, and chronic pain; and (B) the ALJ erred in the RFC assessment. *Id.* Upon review, both of these arguments challenge the ALJ's assessment of Plaintiff's RFC. Thus, the Court will only address whether the ALJ properly considered Plaintiff's RFC.

Upon review of Plaintiff's briefing in this case, the Court finds Plaintiff is arguing the ALJ improperly assessed his medical records and subjective complaints. ECF No. 12 at 1-20. Notably, Plaintiff claims the ALJ improperly considered his fibromyalgia, migraines, and mental limitations. *Id.* Considering this argument, however, the Court finds Plaintiff has failed to establish he has any additional limitations not already accounted for in the ALJ's RFC assessment. Thus, the Court finds no basis for reversal on this issue.

As for his fibromyalgia, the mere fact he has been diagnosed with this impairment does not mandate he be found to be disabled. *See* SSR 12-2p. Thus, the Court cannot find a simple diagnosis for fibromyalgia demonstrates he is disabled due to this impairment.

5

As for his migraines, Plaintiff admitted during the administrative hearing that his migraines improved with medication. (Tr. 261, 330). The ALJ noted "he has been treated *conservatively* off and on for . . . headaches . . . . he has not sought treatment since prior to the June 27, 2013 ALJ decision." (Tr. 351) (emphasis added).

Furthermore, in considering his physical limitations in general, the ALJ recognized that "based on few objective diagnostic findings, consistent evidence of malingering, and scant treatment, especially after the conclusion of the workmen's compensation claim, the undersigned finds that, at all times relevant herein, the claimant should have been able to perform a limited range of sedentary work." (Tr. 354). Accordingly, considering this information, the Court cannot find a basis for reversal on this issue.

Plaintiff also argues the ALJ improperly assessed his mental RFC. ECF No. 12 at 17-20. Specifically, Plaintiff claims a report from Dr. Betty Feir, Ph.D. demonstrates "significant mental cognitive limitations" which the ALJ did not properly assess. *Id.* Upon review, however, the Court notes that Plaintiff's mental symptoms were treated conservatively with antidepressants. (Tr. 697-697). During several visits, Plaintiff reported that Zoloft was helpful and improved his symptoms. *Id.* As for any other alleged mental limitations, the ALJ did credit some of those subjective complaints regarding his mental impairments to a certain extent reducing his RFC to simple tasks and limiting his interpersonal contact. (Tr. 350). Thus, the Court likewise finds no basis for reversal on this issue.

4.  **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

6

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of April 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE